UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESSEX SURGICAL, LLC. et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AETNA LIFE INSURANCE CO., et al.,<br><br>Defendants. | Civ. No. 2:23-cv-03286 (WJM)<br><br>OPINION |

This matter comes before the Court on the Report and Recommendation ("R&R") issued by U.S. Magistrate Judge André Espinosa concerning Plaintiffs' motion to remand or alternatively, to sever and remand. ECF No. 18, 59. The R&R recommends remand for lack of subject-matter jurisdiction finding there to be no complete ERISA preemption or complete diversity of citizenship under the fraudulent joinder doctrine. ECF No. 62. Defendants Aetna Life Insurance Co. ("ALIC") and Aetna Health Insurance Co. ("AHIC") (jointly "Defendants") timely objected pursuant to Local Civil Rule 72.1(c)(2). ECF No. 63. For the reasons elaborated below, the Court **adopts** Judge Espinosa's R&R and **remands** this matter to state court.

I. BACKGROUND

As the R & R accurately lays forth the full background and procedural history of this case, the Court recites only the relevant facts pertaining to its *de novo* review. Plaintiffs Essex Surgical, LLC, Mark R. Drzala MD, P.C., d/b/a New Jersey Spine Specialists, LLC, Mitchell F. Reiter MD, P.C., d/b/a New Jersey Spine Specialists LLC, and Kevin A. McCracken, MD, P.C., d/b/a Orthopaedic & Spine Center of New Jersey, PA (collectively "Plaintiffs") all maintain offices in New Jersey and are citizens of New Jersey.

Defendants ALIC, AHIC, and Aetna Health, Inc. ("AHI") (collectively "Aetna" or "Aetna Defendants") insured or administered insurance that covered patients T.A., D.A., D.L., K.S., T.M., N.S. and D.P. ALIC and AHIC filed a Notice of Removal and are Connecticut corporations with their principal place of business in Connecticut. AHI is a New Jersey corporation. Defendants Insmed, Incorporated ("Insmed"), Schools Health Insurance Fund ("SHIF"), and Johnson & Johnson ("J&J") (collectively, the "Payor Defendants" or "Plan Sponsors") are also citizens of New Jersey and sponsor the health benefit plans covering patients K.S., N.S., and D.P.

1

Because Plaintiffs are out-of-network providers that do not participate in the Aetna insurance network, prior to rendering medical services, Plaintiffs contacted Aetna and obtained oral pre-authorization and confirmation that Plaintiffs would be reimbursed at a certain percentage of the usual, customary, and reasonable rate for the services in question. After performing the surgical and medical services, Plaintiffs allege that they were reimbursed at rates lower than relayed during the pre-authorization calls. The Complaint alleges state law claims for breach of implied contract, breach of the covenant of good faith and fair dealing, quantum meruit, promissory estoppel, negligent misrepresentation, negligence, and tortious interference with economic advantage.

On June 14, 2023, AHIC and ALIC removed this action on the theory that Plaintiffs' state law claims are entirely preempted under the Employee Retirement Income Security Act of 1974 ("ERISA"), § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), that supplemental jurisdiction covers any non-ERISA claims, and alternatively that there is diversity of citizenship because the citizenship of fraudulently joined defendants must be disregarded. In his R&R, the Magistrate Judge examined these legal issues in detail and issued a thorough and well-reasoned report recommending that Plaintiffs' motion for remand be granted. This Court **adopts** the report and its reasoning.

## II.  DISCUSSION

Aetna objects to the following findings of the R&R:

1. The Plan Sponsors were not fraudulently joined based upon an agency relationship under which Aetna administered the Plans while, at the same time, finding that the Plans were completely independent from Plaintiffs' claims.

2. Rejection of ERISA preemption as a basis for removal because it was based in part upon Plaintiffs' dismissal of the J&J Plan, which occurred after removal. Aetna posits that the propriety of removal is examined at the time of removal.

3. "Side-by-siding" findings that the Plaintiffs' claims were independent of ERISA and that an agency relationship existed based upon Aetna's administration of the Plans.[1]

Aetna Obj. to R&R at 3-4, ECF No. 63.

A. Standard of Review

With respect to dispositive motions, such as Plaintiffs' remand motion, *see In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir.1998), the district court must make a *de novo* determination of those portions of the magistrate judge's report to which a litigant has filed

---

[1] It is unclear to the Court how the objection to this finding differs substantively from objection to the first finding.

an objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). New Jersey Local Civil Rule 72.1(c)(2) requires that "[s]uch party [seeking review] shall file ... written objections which shall specifically identify the portions of the ... recommendations or report to which objection is made and the basis of such objection." *Pro forma* objections which fail to comply with the local rule will not be considered. *Mersmann v. Continental Airlines*, 335 F. Supp. 2d 544, 547 (D.N.J.2004). As to parts of the R&R to which no objections are made, the Court will adopt the report and accept the recommendation if it is "satisf[ied] ... that there is no clear error on the face of the record." Fed. R. Civ. P. 72 Advisory Committee Notes (citation omitted).

B. Preemption

ERISA completely preempts state law claims if: (1) the plaintiff could have brought the claim under ERISA § 502; and (2) no other independent legal duty arising under state law supports plaintiff's claim. *See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004), *as amended* (Dec. 23, 2004), *cert. denied* 546 U.S. 813 (2005).

*1. Whether Claims Could Have Been Brought Under ERISA § 502*

Defendants cannot satisfy the first prong of the *Pascack* test because 5 of the 6 plans at issue contain provisions that preclude a plan participant or beneficiary from assigning a claim for benefits to out-of-network providers. Standing to sue under § 502(a) is limited to a plan "participant or beneficiary" unless there is a valid assignment to the provider. *See id.* (concluding hospital's state law claims were not completely preempted by § 502(a) because it lacked standing to sue under that statute and nothing in record indicated that claims were assigned to hospital). Here, Plaintiffs voluntarily dismissed with prejudice the claims against J&J, the only Defendant that purportedly did not have an anti-assignment provision in its plan. ECF No. 17, 57. *See Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 228–29 (3d Cir. 2020) ("for most out-of-network providers, the rising prevalence of anti-assignment provisions signals the proverbial end of the road for relief under section 502(a)."). In its objections, Defendants insist that removal was proper because the J&J claims were dismissed *after* removal and the "propriety of removal is to be determined as of the date of removal." *Boyer v. Wyeth Pharms., Inc.*, No. 12-739, 2012 WL 1449246, at *2 (E.D. Pa. Apr. 26, 2012). The Supreme Court has unequivocally rejected that position holding that "[w]hen a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says. If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). "The plaintiff is 'the master of the complaint,' and therefore controls much about her suit." *Id.* at 35 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–399 (1987)). "She gets to determine which substantive

claims to bring against which defendants. And in so doing, she can establish—or not—the basis for a federal court's subject-matter jurisdiction." *Id.*

In addition, a claim is not subject to § 502(a) ERISA preemption "[w]here a plaintiff does not challenge the type, scope or provision of benefits under [an ERISA] healthcare plan" and instead "only asserts its right as a third-party provider to be reimbursed for pre-authorized medical services it rendered." *See E. Coast Advanced Plastic Surgery v. Blue Cross Blue Shield of Tex.*, No. 19-6175, 2019 WL 3208694, at *4 (D.N.J. June 11, 2019) (internal quotations and citation omitted). For these reasons, Judge Espinosa correctly found that Defendants failed to show that Plaintiffs' claims meet the first prong of the *Pascack* test.

### 2. *Independent Legal Duty Arising Under State Law*

The Court need not analyze the second prong of *Pascack* because complete ERISA 502(a) preemption requires both prongs to be met. Nevertheless, the Court agrees with Judge Espinosa that Plaintiffs' claims also do not satisfy the second prong - none of the pre-authorization calls supporting Plaintiffs' claims are based on legal duties under an ERISA plan because the claims could arise whether or not an ERISA plan existed and do not require the Court to consider any ERISA plan to interpret the alleged agreements between Plaintiffs and Defendants. R&R at 18. *See Plastic Surgery Ctr.*, 967 F.3d at 233 (finding that breach of contract claims that result from oral pre-authorization calls are not claims for benefits under the plan because "it is Aetna's oral offers or oral promises (as the case may be) rather than the terms of the plan that define the scope of Aetna's duty"); *N. Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*, No. 16-1544, 2017 WL 659012, at *5 (D.N.J. Feb. 17, 2017), *report and recommendation adopted*, No. 16-1544, 2017 WL 1055957 (D.N.J. Mar. 20, 2017) (remanding to state court and explaining that because plaintiff was out-of-network and its claims were "based on an alleged implied contract with Aetna arising out of a course of dealing between the parties," and therefore "based on that independent duty [and] not preempted under § 502(a)."). Because Plaintiffs' state law claims also do not meet the second prong of the *Pascack* test, they are not completely preempted by ERISA.

### C. Diversity

Alternatively, Defendants argue that the Court has diversity jurisdiction over this matter because while AHI and the Payor Defendants, all New Jersey citizens, are non-diverse defendants, their joinder is fraudulent. "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Brisco*, 448 F.3d 201, 215–16 (3d Cir. 2006) (citations omitted). Joinder is fraudulent where "there is no reasonable basis" supporting the claim against the non-diverse defendant, or where the claims against the non-diverse defendant are made with "no real intention in good faith to prosecute the action against the defendant or seek a joint

4

judgment." *Id.* at 216. Joinder cannot be considered fraudulent "[u]nless the claims against the non-diverse defendant could be deemed 'wholly insubstantial and frivolous.'" *Id.* at 218. This "heavy burden of persuasion" belongs to the removing party. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (citing *Steel Valley Author. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n. 6 (3d Cir.1987), *cert. dismissed*, 484 U.S. 1021 (1988)). "[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *In re Brisco*, 448 F.3d at 217 (citing *Batoff*, 977 F.2d at 851-52). Any doubts should be resolved in favor of remand. *Id.* The determination of whether there is a "colorable legal ground" for a claim is less rigorous than under a Rule 12(b)(6) motion and must not cross into an inquiry on the legal merits of the claims. *Batoff*, 977 F.2d at 852; *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32-33 (3d Cir. 1985).

Plaintiffs' claim against the non-diverse Payor Defendants is based on an agency relationship, that Aetna representatives were agents for and acted on behalf the Payor Defendants during Plaintiffs' calls to obtain preauthorization for services. *See e.g.,* Compl. ¶¶ 10, 30, 11, 34. Plaintiffs also allege that the Payor Defendants merely "rubberstamped" Aetna's initial determination of reimbursement rates, *see id.,* at ¶¶ 31, 35, thus endorsing the outward appearance of authority that Aetna was acting on their behalf. The Court finds, as Judge Espinosa did, that based on these factual allegations, Plaintiffs' claims against the Payor Defendants Insmed, SHIF, and J&J on an agency theory of liability are not wholly insubstantial and frivolous.

In its objections to the R&R, Defendants argue that the finding of an agency relationship based on Aetna's role as a third-party administrator is inconsistent with the decision that "the Plans are irrelevant to Plaintiffs' claims." Aetna Obj. to R&R at 13. The Court disagrees. To be clear, Judge Espinosa did not conclude that the Plans are "irrelevant to Plaintiffs' claims," but rather, that the alleged agreement to reimburse out-of-network providers for services gave rise to legal duties independent of the plans. That such independent legal duties (implied contract and quasi-contract) arose from the course of dealing between Plaintiffs and Aetna is not, as Defendants argue, paradoxical to a finding that claims based on Plaintiffs' factual allegations of an agency relationship between the Payor Defendants and Aetna are not wholly insubstantial and frivolous. Those involve separate and distinct issues. Aetna and the Payor Defendants may have legal duties to Plaintiffs independent of an ERISA plan even if the Payor Defendants acted as agents of Aetna in its role as plan administrator.

Moreover, contrary to Defendants' assertion that the R&R improperly "suggested that agency existed because the Plan Sponsors ratified Aetna's conduct by their statements in the appeals Plaintiffs made after the services," Aetna Obj. to R&R at 13, Judge Espinosa clearly stated that "the Court does not find, on the merits, that the Payor Defendants endorsed the Aetna Defendants' outward appearance of authority by ratifying their oral

representations, only that the facts alleged in the Complaint asserting the Payor Defendants did so support the conclusion that Plaintiffs' claims against the Payor Defendants as principals of the Aetna Defendants are not insubstantial and frivolous for purposes of assessing the Removing Defendants' [ALIC and AHIC] fraudulent joinder argument." R&R at 29. The Court agrees and adopts this finding.

Separately, while the R&R did not make any findings as to AHI, it is evident from the face of the complaint that the joinder of non-diverse AHI is not fraudulent and destroys diversity jurisdiction. Plaintiffs allege that the Aetna Defendants are alter egos and/or agents of one another and that Aetna "holds itself out to the public, and healthcare providers, as a cohesive, integrated family of companies that operate together to insure, administer insurance and process claims." Compl. ¶¶ 8, 9. When Plaintiffs called to obtain preauthorization for services, regardless of which plan sponsor was involved, they contend they spoke with Aetna representatives who did not indicate "which specific Aetna company or affiliate is processing a pre-authorization call." *Id.* at ¶ 8. These allegations constitute colorable claims of AHI's alter ego/agency relationship with Aetna. Additionally, the assertion that AHI is an HMO and had no direct involvement with the plans is a defense to liability that may be appropriately considered on a motion to dismiss but not to determine whether Plaintiffs' claims are so wholly insubstantial and frivolous that joinder is fraudulent.

### D. Supplemental Jurisdiction and Severance

Because this Court does not have subject matter jurisdiction, it does not reach the issue of severance, nor is there a basis to exercise pendent jurisdiction over the remaining claims. *See Chey v. LaBruno*, 608 F. Supp. 3d 161, 188 (D.N.J. 2022) ("where the federal claims that formed the basis for original jurisdiction are dismissed, 'a district court may decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" (citing *Hedges v. Musco*, 204 F. 3d 109, 123 (3d Cir. 2000)).

### III. CONCLUSION

After conducting a *de novo* review of the R & R and after carefully considering Defendants' **objections**, this Court will **adopt** the R & R as the Opinion of the Court. Plaintiffs' claims are not completely preempted by ERISA and the joinder of non-diverse defendants is not fraudulent. Therefore, the Court does not have subject matter jurisdiction and remands this action to state court.

Date: February 21, 2025

WILLIAM J. MARTINI, U.S.D.J.

6